UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
TEOLINDA DEJESUS MARTINEZ,

               Plaintiff,

  - against -

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
20-CV-4754 (PKC)

PAMELA K. CHEN, United States District Judge:

In this Social Security appeal, Plaintiff Teolinda DeJesus Martinez's counsel seeks an award of attorney's fees pursuant to 42 U.S.C. § 406(b). For the following reasons, the Court denies Plaintiff's counsel's motion as premature, but orders the Social Security Administration ("SSA") to calculate Plaintiff's award of Title II disability insurance benefits ("DIB") within 60 days of this order—that is, by April 28, 2025.

On June 21, 2024, an SSA administrative law judge determined that Plaintiff was disabled as of July 2016 and that she was therefore entitled to both DIB and supplemental security income ("SSI"). (Pl.'s Mot. for Legal Fees, Dkt. 16 at 1; Def.'s Resp., Dkt. 20 at 1.) On October 18, 2024, the SSA issued Plaintiff a Notice of Award Letter awarding her $73,546.00 in past-due SSI benefits. (*Id.*) To date, the SSA has yet to issue an award letter for Plaintiff's past-due DIB.

On October 18, 2024, Plaintiff's counsel moved for the payment of attorney's fees associated with his client's SSI benefits award. (*Id.*) Plaintiff's counsel submitted the motion within 14 days of the issuance of the award, and thus his motion was timely pursuant to Federal Rule of Civil Procedure ("Rule") 54(a)(2)(B). On January 2, 2025, Defendant opposed Plaintiff's motion as premature because the SSA had not yet calculated Plaintiff's DIB amount, and because Plaintiff's SSI benefits award had to be offset by her DIB award. (Def.'s Resp., Dkt. 20.) On

January 9, 2025, Plaintiff filed a reply, in which she noted that the SSA "has inexplicably taken nearly seven months to process [Plaintiff's DIB] award and has provided no timeframe within which [her DIB] notice of award letter is expected to be available." (Pl.'s Reply, Dkt. 21 at 2.) Plaintiff further requested that the Court "compel [the SSA] to produce a [DIB] notice of award letter forthwith." (*Id.*)

The Court agrees with Defendant that Plaintiff's counsel's motion for attorney's fees based solely on his client's SSI benefits award is premature. *See Mains v. Colvin*, No. 13-CV-0028 (MHS), 2016 WL 11565306, at *1–2 (N.D. Ga. Jan. 5, 2016) (denying motion for attorney's fees as premature with leave to re-file after SSA calculated the final amount of both DIB and SSI benefits). Because the SSA must offset a recipient's SSI benefits if she also receives a certain amount of DIB benefits, there is a possibility that the final amount of Plaintiff's past-due SSI benefits will decrease once SSA determines her past-due DIB benefits, which would, in turn, affect the amount of attorney's fees Plaintiff's counsel should recover. However, Plaintiff's counsel raises a reasonable concern that it has been over seven months since the SSA determined Plaintiff's disability status, and it still has not calculated Plaintiff's past-due DIB. (Pl.'s Reply, Dkt. 21 at 2.) As Plaintiff notes, the SSA has provided no explanation for this lengthy delay. (*Id.*; *see also* Def.'s Resp., Dkt. 20.)

* * *

Accordingly, the Court denies without prejudice Plaintiff's counsel's motion for attorney's fees, but directs the SSA to calculate and award Plaintiff her past-due DIB within sixty (60) days of this Order. Plaintiff's counsel may re-file for attorney's fees once the SSA has determined both Plaintiff's DIB and SSI benefit amounts.

SO ORDERED.

/s/ Pamela K. Chen<br>Pamela K. Chen<br>United States District Judge

Dated: February 27, 2025
       Brooklyn, New York