UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
TEOLINDA DEJESUS MARTINEZ,

                Plaintiff,

      - against -

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
20-CV-4754 (PKC)

PAMELA K. CHEN, United States District Judge:

Plaintiff Teolinda DeJesus Martinez ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g) to challenge an adverse determination by the Social Security Administration ("SSA"), which denied Plaintiff benefits. Upon the parties' stipulation, the Court remanded the case to the SSA where Plaintiff was awarded roughly $88,945 in past-due benefits. Plaintiff's counsel, Robert C. Buckley ("Buckley"), now moves for $12,274.53 in attorney's fees pursuant to 42 U.S.C. § 406(b) ("Section 406(b)" or "§ 406(b)"). For the reasons explained below, Buckley's motion is granted, and Plaintiff's counsel is awarded $12,274.53.

BACKGROUND

After Plaintiff was denied benefits at the agency level, Plaintiff filed this action on November 4, 2020. (Compl., Dkt. 1.) On June 4, 2021, the Court granted the parties' stipulation to reverse the final decision of the Commissioner of the SSA and remanded this action to the SSA. (*See* Consent Mot., Dkt. 13; 6/4/2021 Dkt. Order.) This Court then awarded Plaintiff $1,210.68 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Stipulation Fees EAJA, Dkt. 14; 6/22/2021 Dkt. Order.)

On October 18, 2024, the SSA issued a Notice of Award letter informing Plaintiff that she would receive approximately $73,546 in past-due supplemental security income benefits under

1

Title XVI of the Social Security Act ("Title XVI"). (10/18/2024 Notice of Award, Dkt. 16-1, at 2.) However, the SSA had yet to calculate Plaintiff's past-due disability insurance benefits under Title II of the Social Security Act ("Title II"). (*Id.*; Mem. and Order, Dkt. 22.) By motion filed on October 18, 2024, Buckley sought $8,874.78 for work performed before this Court. (First Mot. Fees, Dkt. 16, ¶ 4.) This Court dismissed, without prejudice, Buckley's first motion for attorney's fees as premature because the SSA had not yet calculated the *total* amount of both Plaintiff's Title II and Title XVI benefits. (Mem. and Order, Dkt. 22.) The Court ordered the SSA to calculate the remaining past-due Title II benefits Plaintiff was owed. (*Id.*)

On March 30, 2025, the SSA issued a Notice of Award letter informing Plaintiff that she would receive approximately $88,945 in past-due supplemental security income and disability insurance benefits, with 25% ($22,236.25) withheld as possible fees for her representative. (3/30/2025 Notice of Award, Dkt. 23-1, at 4.)

By motion filed on April 1, 2025, Buckley now seeks $12,274.53 for work performed before this Court. (Second Mot. Fees, Dkt. 23, ¶ 5.) Along with his motion, Buckley submits 1) a fee agreement demonstrating that Plaintiff had retained Buckley on a 25% contingency-fee basis, and 2) itemized time records indicating that Buckley spent a total of 11.3 hours litigating this matter before this Court. (Retainer Agreement, Dkt. 23-3; Time Sheet, Dkt. 23-2.)

## DISCUSSION

### I. Timeliness

Motions for attorney's fees under 42 U.S.C. § 406(b) must be filed within the 14-day filing period prescribed by Rule 54(d) of the Federal Rules of Civil Procedure. *Sinkler v. Berryhill*, 932 F.3d 83, 86 (2d Cir. 2019). The 14-day period begins to run from when "counsel receives notice of the benefits award," and the law presumes that "a party receives communications three days

2

after mailing." *Id.* at 88–89, 88 n.5 (citing *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011)). Furthermore, because Rule 54(d) allows judges to extend the 14-day deadline by court order, "district courts are empowered to enlarge that filing period where circumstances warrant." *Id.* at 89 (citing *Walker v. Astrue*, 593 F.3d 274, 280 (3d Cir. 2010)).

Plaintiff's counsel received the Notice of Award on March 30, 2025. (3/30/2025 Notice of Award, Dkt. 23-1.) This motion was filed on April 1, 2025. (Second Mot. Fees, Dkt. 23.) The motion is thus timely filed.

## II.     Reasonableness of the Requested Fee

### A.     Legal Standard

Section 406(b) of the Social Security Act provides that a court may award a "reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). If the contingency percentage is within the 25% cap, and there is no evidence of fraud or overreaching in making the agreement, a district court should test the agreement for reasonableness. *Fields v. Kijakazi*, 24 F.4th 845, 852–53 (2d Cir. 2022).

To determine whether a fee is reasonable, a district court should consider (1) the character of the representation and the results the representative achieved; (2) whether counsel was responsible for a delay, unjustly allowing counsel to obtain a percentage of additional past-due benefits;[1] and (3) whether the requested amount is so large in comparison to the time that counsel spent on the case as to be a windfall to the attorney. *Id.* at 849, 849 n.2, 853.

---

[1] This is because the amount of benefits a successful plaintiff receives is calculated from the date of onset up to the date the SSA awards benefits on remand. *See Fields*, 24 F.4th at 849 n.4 ("Undue delay can be a particular problem in cases like these, in which past-due benefits are at stake.  Because delay increases the size of a plaintiff's recovery, it may also increase disproportionately a lawyer's contingent fee recovery.  [W]here the attorney is responsible for delay, the attorney should not be allowed to profit from the accumulation of benefits during the

3

With respect to whether a fee would be a "windfall," in *Fields* the Second Circuit emphasized that "the windfall factor does *not* constitute a way of reintroducing the lodestar method and, in doing so, . . . indicate[d] the limits of the windfall factor." *Id.* at 854. Rather, "courts must consider more than the de facto hourly rate" because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Id.* The Second Circuit instructed courts to consider (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do"; (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level"; (3) "the satisfaction of the disabled claimant"; and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854–55. Ultimately, a district court may reduce the amount called for in the contingency fee agreement "only when [the court] finds the amount to be unreasonable," after considering the factors outlined above. *Id.* at 852–53.

In addition, if fee awards are made to a claimant's attorney under both the EAJA and § 406(b), the attorney must refund the claimant the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796; *Wells v. Bowen*, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients."); *see Barbour v. Colvin*, No. 12-CV-548 (ADS), 2014 WL 7180445, at *2 (E.D.N.Y. Dec. 10, 2014) (citing *Porter v. Comm'r of Soc. Sec.*, No. 06-CV-1150 (GHL), 2009 WL 2045688, at *4 (N.D.N.Y. July 10, 2009)).

---

pendency of the case in court." (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 791 (2002)) (cleaned up)).

**B.     Application**

Here, Plaintiff retained Buckley pursuant to a 25% contingency-fee agreement. (Retainer Agreement, Dkt. 23-3.) Buckley's requested $12,274.53 for 11.3 hours of work would be an effective hourly rate of $1,086.24 per hour. Notably, $12,274.53 is approximately 14% of Plaintiff's past-due benefits, which is less than 25% of the total past-due benefits awarded to Plaintiff—and thus also less than the 25% contingency fee agreed upon in Plaintiff's signed fee agreement. There are no allegations of fraud or overreaching with respect to the retainer agreement. For the reasons explained below, the court does not find that amount to be unreasonable in the context of this case.

To determine reasonableness, the Court considers "the character of the representation and the results the representative achieved." *Fields*, 24 F.4th at 849 (quoting *Gisbrecht*, 535 U.S. at 791). Buckley is an experienced lawyer who specializes in Social Security disability cases, having "handl[ed] such cases since 2009." (Second Mot. Fees, Dkt. 23.) Here, it appears that Buckley timely and successfully secured Plaintiff a stipulation to remand as well as a favorable disability and benefits determination. (Consent Mot., Dkt. 13; 6/4/2021 Dkt. Order; 3/30/2025 Notice of Award, Dkt. 23-1.) This weighs in favor of finding the fee amount to be reasonable.

Second, the Court must determine whether counsel was responsible for unreasonable delays. *Fields*, 24 F.4th at 849. Here, there is no evidence that Buckley was responsible for any unreasonable delays. This, again, weighs in favor of finding the fee amount to be reasonable.

The third reasonableness consideration is whether the requested amount constitutes a "windfall." *Fields*, 24 F.4th at 849 (citing *Gisbrecht*, 535 U.S. at 808). The Court analyzes four factors in determining whether a requested amount qualifies as a windfall. *Id.* at 854–56.

First, with respect to "the ability and expertise of the lawyers and whether they were particularly efficient," *id.* at 854, the Court finds that 11.3 hours was a reasonable amount of time to spend in this matter. In *Fields*, the Second Circuit found that 25.8 hours reviewing an 863-page transcript, drafting a 19-page brief, and then obtaining a stipulation of dismissal demonstrated particular efficiency and that "other lawyers might reasonably have taken twice as much time" to do the same work, justifying a *de facto* hourly rate of $1,556.98. *Id.* at 854. Here, Buckley's review of the voluminous and complex 760-page transcript demonstrated Buckley's efficiency, expertise, and ability to accomplish in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do. (*See* Adm. Tr., Dkt. 12.) Unlike *Fields*, however, no briefing or oral argument was required given the parties' stipulation of remand, which is likely reflected in the lower number of hours billed by Buckley. (Consent Mot., Dkt. 13.) Therefore, this factor supports Buckley's requested award amount and *de facto* hourly rate.

Second, with respect to "the nature and length of the professional relationship with the claimant—including any representation at the agency level," *Fields*, 24 F.4th at 855, the Court notes that Buckley did not represent Plaintiff in front of the SSA before filing this suit. In *Fields*, plaintiff's counsel had represented the plaintiff from the start of his agency proceedings, including during four separate hearings before Administrative Law Judges and multiple petitions to the SSA Appeals Council, which enabled Plaintiff's lawyer to achieve increasing efficiency with the hours billed and distinguished the case from instances where the court had found a windfall. *See id.* at 855. By contrast, in *Gray*, the court adjusted the award downward from an effective hourly rate of $1,879.58 to $1,500 because counsel, having only represented plaintiff during "an appeal to the District Court and an appearance at an administrative hearing," had likely not achieved the same efficiencies and the requested award for the hours billed would have constituted a windfall.

6

*Gray v. Comm'r of Soc. Sec.*, No. 20-CV-3916 (PKC), 2023 WL 3948796, at *3 (E.D.N.Y. June 12, 2023). Similarly, Buckley only represented Plaintiff in the negotiation with the SSA for a remand and during the remand before the SSA. (Time Sheet, Dkt. 23-2.) Thus, Buckley's relationship with Plaintiff likely did not lend itself to any unique efficiencies, suggesting that Buckley's lower *de facto* hourly rate, when compared to the approximately $1,800 or 1,500 hourly rates in *Fields* and *Gray*, is justifiable.

Third, Buckley's efforts on behalf of Plaintiff were successful, resulting in a favorable decision from the SSA regarding her eligibility status for past-due and future disability benefits, and Plaintiff does not appear to object to the fee award. *See Foster v. Comm'r of Soc. Sec.*, No. 19-CV-1743 (PKC), 2023 WL 7924172, at *4 (E.D.N.Y. Nov. 16, 2023) (noting no justification for a downward adjustment where counsel achieved desired result and there was no evidence to suggest claimant dissatisfaction).

Lastly, with respect to "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result," *Fields*, 24 F.4th at 855, Plaintiff's counsel submitted no briefing, and the SSA stipulated to remand. This suggests that the case did not pose a particularly complex battle or present significant uncertainty. *See id.*; *see also Gray*, 2024 WL 3948796, at *4 (finding that an SSA stipulation to remand indicates the case was "far less uncertain than the underlying case in *Fields*"). The 11.3 hours that Buckley spent on this case seems commensurate to the relative simplicity of this matter. Therefore, this fourth factor does not weigh either in favor of an upward or downward adjustment.

Based on an analysis of the factors above, the Court finds the requested amount to be reasonable. Additionally, upon receiving the § 406(b) award, Buckley must remit to Plaintiff the $1,210.68 received pursuant to the EAJA.

## CONCLUSION

For the reasons explained above, the pending motion for attorney's fees under 42 U.S.C. § 406(b) is granted, and Robert C. Buckley is awarded $12,274.53. Upon receipt of this award from the government, Buckley shall promptly refund Plaintiff $1,210.68, which represents the EAJA fees already received by counsel. The case remains closed.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 8, 2025
       Brooklyn, New York